On Motion to Dismiss.
The opinion of the court was delivered by
Spencer, J.
Plaintiff alleges in substance, that it is a legal corporation, organized in conjunction with similar corporations in other States, for the purpose of printing or procuring books for the blind ; that it is possessed of a fund, which by careful management has been more than doubled, and amounts now to something over ¡¡¡>32,000; that it was organized in 1859, and that the fund in its custody and control has been derived from donations of many charitably disposed persons who contributed sums ranging from five dollars to one hundred dollars in amount.
That the defendants, Dupuy, Hunton, Magruder, Richardson, and others, pretending that petitioner has failed to carry out the objects and purposes of its incorporation, within the time prescribed by its charter, claim that petitioner is bound to pay back to the original donors the sums, with accumulated interest, received from them ; that said Richardson & Magruder claim to represent as agents and attorneys in fact about one hundred of said donors; and to own, by right of reversion as aforesaid, over ten thousand dollars of petitioner’s said funds ; that said attorneys have entered into contracts with said donors, whereby they are to have one half of the amounts they may recover of petitioner, said attorneys agreeing to pay all costs and expenses of suits, etc.; that a Kentucky corporation, not in existence at the time of petitioner’s incorporation, but claiming the rights of a former corporation in said State, with which petitioner was to have acted in conjunction a.s *306 aforesaid, has brought suit iu the United States Circuit Court for Louisiana against petitioner, and claims that petitioner is bound to pay over the whole of said fund to it; that in said suit the said parties represented by Richardson & Magruder and by Thos. Hunton are made defendants ; that said parties so made defendants claim by answer in said cause that they are donors of a large part of the funds in petitioner’s hands and entitled to recover it for the reasons stated.
Further represents that said Richardson & Magruder have instituted numerous and sundry suits against petitioner in different courts— some in justices’ courts and some in district courts, in behalf of and as representing various persons claiming to be donors as aforesaid ; that petitioner believes that said Richardson & Magruder bring these numerous and separate suits in different tribunals under the hope that they may find some judge who will sustain their pretensions, in which event all the suits would be brought before him ; that said Magruder & Richardson obtained a half interest in said claims by sending out circulars to the donors to which was a printed form of receipt and agreement to be signed, giving them one half the amount to be recovered as aforesaid ; that they claim to have such agreements with about one hundred donors, and a consequent interest of more than §10,000 in petitioner’s funds ; that they have disclosed the names of only a few of these donors represented by them; that much the larger portion of the donors of the said fund desire, as petitioner believes, that the same be devoted and applied to the purposes originally intended, and that the fund has now accumulated to an amount sufficient for effectively doing so ; petitioner charges collusion between the said Kentucky corporation and the said parties bringing said individual suits, and that there is an agreement between them to share the results of the suits in the circuit and State courts.
Petitioner further represents that if the donors of said funds have the right to withdraw them from petitioner, the same must be done in concursu, in a proceeding to which they are all parties, and upon rendition of account by petitioner; that the prosecution of said separate suits by individuals in different courts, without making the others interested in said funds parties, is illegal and oppressive, intended and calculated to waste and consume in useless litigation the fund, and to prevent its application to the charitable purposes contemplated; that petitioner is advised that the circuit court is without power to protect petitioner against said vexatious proceedings in the State tribunals, and that an injunction ought to issue to prevent the despoiling of said fund of $30,000 in petitioner’s possession, and to compel said defendants to litigate in some single form and contradictorily with all parties in interest the question of ownership and distribution of said fund. Wherefore *307 petitioner prays an injunction against said parties restraining them from prosecuting against petitioner said separate, individual, and vexatious suits, until the termination of the suit in the United States Circuit Court, or some other suit with'proper parties, etc. Prays for such damages as may be proven.
The court a qua refused the injunction and dismissed plaintiff’s suit. From that judgment this appeal is taken.
Appellees move to dismiss the appeal for want of jurisdiction in this court ratione materias, and because the appellees “ have not separately or conjointly” any interest in this cause to an amount sufficient to give this court jurisdiction.
Messrs. Hunton, Richardson & Magruder supplement this motion by their several affidavits, to the effect that'they “have no present interest in any matter or thing set up in the petition of plaintiffthat upon certain conditions and contingencies they will be entitled to fees, etc., “but have no other or further interest in this litigation.” Per contra, the plaintiff and appellant makes oath that the matters involved exceed $500 in amount, etc.
Of course the jurisdiction of this court must be determined by the demands and allegations of plaintiff’s petition, which may be supplemented by affidavit as to the amount involved, etc. Of course the affidavit of appellees that they have no interest in the suit, or an interest less than $500, can not defeat the appeal, if the demands against them give this court jurisdiction. It will be time enough when the case is heard on its merits to decide what is the nature and extent of appellees’ interests, and of their responsibility to plaintiffs. If the defendant in a suit can defeat plaintiff’s appeal by simply swearing that he (defendant) has no interest in the suit, the right of appeal by a plaintiff would be a very vain and illusory one.
We think the subject matter in controversy in this suit is shown by the petition to be over $500, and within our jurisdiction. The gist of plaintiff’s action is this: That it is the possessor and custodian of a charity fund exceeding $30,000 in amount; that the defendants by illegal acts and conduct in interfering with and disturbing its possession and control of said fund will destroy it; that it is entitled to protection of said fund from the illegal acts of defendants, etc. These allegations, supplemented by plaintiff’s affidavit, certainly give us jurisdiction.
The motion to dismiss is overruled.